**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 06-4477**

-----

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MEGAN ATKINS,

Defendant - Appellant.

-----

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:05-cr-00170-WDQ)

-----

Submitted:  July 10, 2006          Decided:  August 14, 2006

-----

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

-----

Vacated and remanded by unpublished per curiam opinion.

-----

James Wyda, Federal Public Defender, Lisa W. Lunt, Assistant Federal Public Defender, Lauren E. Case, Staff Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Megan Atkins appeals the district court's sentence imposed after revocation of probation. Because we find the district court erred in applying the guidelines, we vacate the sentence and remand for resentencing.

After Atkins pled guilty to theft of Government property, she was assigned a sentencing guidelines base offense level of twelve. Two levels were added for having stolen a firearm and two levels were deducted for acceptance of responsibility. At sentencing, the Government moved for a two-level reduction for substantial assistance. The district court granted the motion, but imposed a four-level reduction, leaving Atkins with an offense level of eight. Because she was in criminal history category I, the range of imprisonment was 0 to 6 months. As a result of being in Zone A of the sentencing table, Atkins was eligible for a sentence of probation. See U.S. Sentencing Guidelines Manual § 5B1.1(a)(1) (2005). The court sentenced Atkins to three years' probation.

Atkins admitted she violated her probation and the district court noted its intention to sentence Atkins to a term of imprisonment. The court erroneously noted Atkins' total offense level was ten. Thus, the court understood her sentencing range to be six to twelve months' imprisonment. Pursuant to 18 U.S.C. § 3565(a) (2000), the court had authority to revoke the sentence of

- 2 -

probation and resentence Atkins under the provisos of the original sentencing proceeding. Because the court assumed Atkins had an offense level of ten instead of eight, Atkins was exposed to a six to twelve month range of imprisonment.

As a result of the district court's error in assuming Atkins had an offense level of ten, it imposed a sentence outside the properly calculated range of imprisonment.

> A sentence falling outside of the properly calculated Guidelines range is not *ipso facto* unreasonable. But if that sentence is based on an error in construing or applying the Guidelines, it will be found unreasonable and vacated. See 18 U.S.C. § 3742(f)(1). The same is true if the sentence is imposed outside the Guideline range and the district court provides an inadequate statement of reasons or relies on improper factors in departing from the Guidelines' recommendation. See id. § 3742(f)(2).

United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

We find the twelve month sentence was unreasonable.[*] Accordingly, we vacate the sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*]If the district court intended to upwardly depart from the range of imprisonment, it provided an inadequate statement of reasons for departing. See Green, 436 F.3d at 457.

- 3 -